```
                THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION

BRENDA A. RICKETTS,              §
     Plaintiff,                  §
                                 §
v.                               §    CIVIL ACTION NO. C-04-242
                                 §
CHAMPION CHEVROLET,              §
     Defendant.                  §
```

**ORDER GRANTING MOTION TO**
**INTRODUCE REMAINDER OF TESTIMONY**

Defendant filed a Motion for Summary Judgment on June 14, 2005. Plaintiff filed a Response to Defendant's Motion for Summary Judgment on July 5, 2005. On July 12, 2005 Defendant filed a Motion to Introduce the Remainder of Testimony (D.E. 44). For the reasons stated herein, Defendant's Motion to Introduce the Remainder of Testimony is granted.

I.  **LEGAL STANDARD**

When a party offers only part of a deposition in evidence, "an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts." Fed. R. Civ. P. 32(a)(4). Furthermore, Rule 106 states that "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Civ. P. 106.

Rule 106 partially codifies the common law "rule of completeness," which operates to insure fairness by allowing the introduction of the remainder of portions of an utterance in order to secure for the tribunal a more complete understanding of the testimony's total tenor and effect.  Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-72 (1988) (quoting 7 J. Wigmore, Evidence in Trials at Common Law, § 2113, p. 653 (J. Chadbourn rev. 1978)).  The Rule is based on two considerations: first, the misleading impression created by taking matters out of context; and second, the inadequacy of repair work when delayed to a point later in the trial.  Advisory Committee's notes on Fed. R. Evid. 106.

Thus, when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and admissible. Beech Aircraft Corp., 488 U.S. at 172.

**II.   ANALYSIS**

Plaintiff introduced testimony of depositions in a misleading fashion.  A representative sampling of this misleading testimony is set forth below.[1]

For example, Plaintiff introduced testimony from Mr. Ford's deposition suggesting that the Finance and Insurance Department

---

[1] All of the instances of which Defendant complains are specifically set forth in Defendant's Motion to Introduce the Remainder of Testimony.

had a record performance in December of 2003. (Pl. Resp. to Def. Mot. for Summ. J., p. 5). However, when Mr. Ford's testimony is viewed in connection with his directly subsequent testimony, it shows that the record performance was still below target and remained in the fourth quartile. (Ford Depo., p. 152).

In another instance, Plaintiff introduced testimony of Mr. Bregman suggesting that he heard Mr. Ford make derogatory comments about women. (Pl. Resp. to Def. Mot. for Summ. J., p. 9). Mr. Bregman's testimony actually showed that he could not recall one specific instance where Mr. Ford made such a comment. (Bregman Depo. pp. 17-18).

As a final example, Plaintiff introduced testimony that Janie Vega heard Mr. Ford make a derogatory comment about women. (Pl. Resp. to Def. Mot. for Summ. J., p. 9). However, Ms. Vega's testimony actually stated that she did not hear Mr. Ford's comment herself, and her basis for thinking this comment was made was "office gossip." (Vega Depo., p. 34).

## III. CONCLUSION

In order to avert misunderstanding or distortion of the portions of deposition testimony presented by Plaintiff in her Response to the Defendant's Motion for Summary Judgment, Defendant is GRANTED leave to introduce the specific additional portions of deposition testimony of Rick Ford, Monty Meave, Janie Vega, Dustin Williams and Donnie Bregman identified in

Defendant's Motion to Introduce Remainder of Testimony (D.E. 44).

ORDERED this 11th day of August, 2005.

_____
                     Janis Graham Jack
                  United States District Judge